IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KARL THOMAS YOUNG, | ) |
|       Plaintiff, | ) |
| | ) Case No.: |
| vs. | ) |
| | ) |
| LIFE INSURANCE COMPANY | ) |
| OF NORTH AMERICA d/b/a CIGNA, | ) |
| | ) |
|    Serve: MO Dept. of Insurance | ) |
|            301 W. High Street, Rm 530 | ) |
|            Jefferson City, MO 65101 | ) |
| | ) |
|       Defendant. | ) |

COMPLAINT
EMPLOYEE RETIREMENT INCOME SECURITY ACT

COMES NOW Plaintiff Karl Thomas Young, by and through undersigned counsel, pursuant to the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §1001 *et. seq.*, and for his cause of action against defendant Life Insurance Company of North America d/b/a Cigna (hereinafter "Cigna"), respectfully states the following:

1.     Plaintiff, Karl Thomas Young (hereinafter "Mr. Young") brings this action against Defendant Cigna (hereinafter "Cigna") for damages caused by the Defendant's breach of statutory, contractual and fiduciary obligations and violations of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001 *et. seq.* ("ERISA").

2.     This is an action brought pursuant to 29 U.S.C. §1132(e)(1) and 28 U.S.C. §1331. Under 29 U.S.C. §1132(f), the Court has jurisdiction without respect to the amount in controversy or the citizenship of the parties.

3. Venue is proper in this District pursuant to 29 U.S.C. §1132(e)(2), in that the subject employee welfare benefit plan and employee insurance program are administered in this District, the breaches of duty herein alleged occurred in this District, and Defendants reside or are found in this district.

### Parties

4. Mr. Young is an individual residing in St. Louis County, Missouri, 63143, in the Eastern District of Missouri. Mr. Young is a vested participant in a Group Insurance Policy for certain employees of BJC Health System d/b/a BJC Healthcare (hereinafter "BJC"), which provides an employee benefit plan within the meaning of 29 U.S.C. § 1132(a).

5. Defendant Cigna provides coverage for certain employees of BJC under an employee welfare benefit plan (hereinafter "Plan") within the meaning of 29 U.S.C. § 1002. Specifically, Cigna provides long term disability benefit (hereinafter "LTD") through insurance coverage.

6. Cigna is an insurance company incorporated in Pennsylvania and is doing business in Missouri under a license to do business as a Foreign Insurance Company. Cigna administers and pays benefits under the terms of the LTD plan and is a fiduciary within the meaning of 29 U.S.C. §1002(16),

7. BJC serves as the plan administrator and sponsor under the meaning of 29 U.S.C. § 1002(16).

### Count I
### Denial of Benefits Pursuant to 29 U.S.C. §1132(a)(1)(b)

8. Mr. Young became disabled on Aril 29, 2015 and was forced to stop working a due to symptoms related to sclerosing cholangitis, cirrhosis, lymph node pancytopenia, fatige and major depressive disorder.

9. As a result of Mr. Young's diagnosis and resulting disability, Mr. Young's treating physicians, principally Dr. Jeffery S. Crippin, the Marilyn Bornefeld Endowed Chair in Gastrointestinal Research and Treatment and the Medical Director of Liver transplant at Washington University School of Medicine, have determined that Mr. Young is unable to work due to his multiple liver conditions.

10. At the time Mr. Young was forced to stop working, Mr. Young was an eligible employee under the Plan and entitled to long term disability benefits.

11. Mr. Young applied for Disability benefits under the Plan in July of 2015.

12. On September 16, 2015 Cigna denied Mr. Young long term disability benefits, stating that there was insufficient medical support in his application to support a disability due to mental illness.

13. Mr. Young appealed Cigna's decision, and on February 24, 2016 Cigna approved Mr. Young's benefits.

14. On September 29, 2017 Cigna again denied to continue payment of Mr. Young's benefits for the following reasons:

   a. The policy will only pay disability for mental health conditions for twenty-four months, and that period had elapsed; and

   b. Because Mr. Young's Liver conditions did not prevent him from performing any occupation.

15. Mr. Young filed a timely appeal of Cigna's September 29, 2017 decision to termination his long term disability benefits under the Plan.

16. In his appeal Mr. young included additional medical records and notations including a letter from Dr. Crippin that stated that Mr. Young is experiencing complications from end-stage liver disease, and is chronically fatigued and that Mr. Young suffers confusion due to

hepatic encephalopathy, which makes "it impossible for Mr. Young to fulfill the obligations of any occupation."

17. Despite presenting objective evidence indicating that he was completely disabled and unable to perform "any occupation" as a result of his disability, Cigna denied Mr. Young's appeal of their denial of benefits on March 2, 2018.

18. At all relevant times, Mr. Young has been under the care of licensed medical doctors.

19. As a result of the wrongful denial, Mr. Young has been damaged in the amount of unpaid benefits.

20. Mr. Young has exhausted all available administrative remedies.

21. Defendant's denial of long term disability benefits was arbitrary and capricious, and not based on substantial evidence, was a breach of their fiduciary duties and was the product of a conflict of interest and serious procedural irregularities.

22. Defendant is required to pay the benefits due under the terms of the Plan, together with prejudgment interest, attorney's fees and costs.

WHEREFORE, Plaintiff Karl Young respectfully prays for judgment against Defendant Life Insurance Company of North American d/b/a Cigna in the amount of unpaid past and future benefits, interest on past due sums, attorneys' fees and costs, and for any other such relief as the Court deems just and proper under the circumstances.

## COUNT II
### Breach Of Fiduciary Duty Pursuant To 29 U.S.C. §1132(A)(3)

23. Plaintiff incorporates and adopts by reference paragraphs 1-22 above as if fully set forth herein.

24. Mr. Young also brings this claim against Cigna under 29 U.S.C. § 1132(a)(3), which permits a participant to bring an action to enjoin any act or practice which violates ERISA or the terms of the Plan or to obtain other appropriate equitable relief to redress such violations or to enforce any provisions of ERISA or the terms of the Plan.

25. In determining benefits under the Plan, Cigna, acting as a fiduciary in the administration of Mr. Young's claim:

   a. Failed to adequately consider the facts and circumstance regarding Mr. Young's claims;

   b. Failed to adequately investigate the facts supporting Mr. Young's Claims; and

   c. Relied on unfair, biased, and inconclusive reviews of Mr. Young's medical records in denying his claim for benefits.

26. Defendant Cigna has failed to provide Mr. Young a full and fair review of his claim.

## Medical Exam

27. In its review of Mr. Young's claim, Cigna had Mr. Young undergo an Medical Exam performed by Dr. Thomas Kibby.

28. As part of his exam, Dr. Kibby examined Mr. Young's extensive medical records and conducted an in person medical examination.

29. Dr. Kibby concluded as follows:

> Is able to perform all functions relatively normally for one time exam, but it is expected that given his diagnoses and long established history of fatigue that he would be very limited in sustaining these heavier activities including standing and walking.

30. Dr. Kibby made no specific determination of what Mr. Young's restrictions and limitations are, but it is clear that he determined some existed.

### Transferable Skills Analysis

31. Utilizing Dr. Kibby's report Cigna performed a Transferable Skills Analysis ("TSA") on Mr. Young in order to determine if his restrictions or limitations allowed him to perform any occupation.

32. The TSA specifically states a number of limitations and restrictions pertaining to the activities that Mr. Young can preform. None of these restrictions or limitations – or any at all for that matter – are found in Dr. Kibby's report.

33. The restrictions and limitations stated in the TSA are pure speculation and conjecture and are not based on any medical evidence.

34. By relying on the fictious restrictions and limitations stated in the TSA Defendant failed to carefully consider Mr. Young's claim and chose to base its denial on speculation and conjecture.

35. Defendant, as fiduciary, did not act with care, skill, prudence and diligence in performing the TSA, which was relied on for an adverse benefit decision.

36. Defendant failed to carefully consider Mr. Young's claim and chose instead to base its termination of benefits and continued denial on speculation and a flawed TSA .

37. Defendant breached its fiduciary duties, insofar as it failed to discharge its duties in handling Mr. Young's benefits claim in a careful, skillful, and diligent manner.

38. Defendant operated under a conflict of interest due to the fact that it had a financial incentive to terminate and deny Mr. Young's ongoing long-term disability benefits.

39. When adjudicating Mr. Young's claims for continued disability benefits, Cigna breached its fiduciary duty in that it;

   a. Refused to consider the medical evidence documenting Mr. Young's restrictions and limitations;

   b. Employed an unfair, incomplete and biased process that was designed to create evidence to support a denial of benefits an ignore evidence that supported an award of benefits; and

   c. Filed to decide the claim and appeal in a manner that ensured the independence and impartiality of the people involved in making the benefit determination, specifically using a medical and vocational reviewer who had a financial incentive to deny claims in order to maintain a business relationship with Cigna.

40. Cigna breached its fiduciary duties under ERISA §404, 29 U.S.C. §1104, insofar as it failed to discharge its duties with respect to the Plan solely in the interest of Mr. Lee, a beneficiary, and for the exclusive purpose of providing benefits to participants and to act in accordance with the documents and instruments governing the Plan.

41. Mr. Young has been unjustly denied benefits and is now left with a total loss of long term disability benefits, creating such an injustice as to warrant the enforcement of benefits promised to Mr. Young by Cigna.

42. The allegations above merit the imposition of an equitable relief under 29 U.S.C. §1132(a)(3), including specific performance, equitable estoppel and surcharge, in order to compensate Mr. Young for the losses incurred by him and for the unjust enrichment Defendant has realized as a result of its wrongful denial.

WHEREFORE, Plaintiff Karl Young respectfully prays for judgment against Defendant Life Insurance Company of North America d/b/a Cigna granting equitable relief including payment of the amount of unpaid past and future benefits, interest on past due sums, attorney fees and costs and for any other such relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

**GALLAGHER DAVIS, L.L.P.**

*/s/ Adam J. Olszeski*
Matthew R. Davis, #MO58205
Adam J. Olszeski, #MO66126
2333 S. Hanley Road
St. Louis, Missouri 63144
(314) 725-1780
Fax: (314) 725-0101
matt@gallagherdavis.com
adam@gallagherdavis.com

*Attorneys for Plaintiff*
*Karl Young*